UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TOMAS GANZALEZ-GUTIERREZ,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE ET AL.,<br><br>Respondents. | CASE NO. 2:26-cv-02143-JNW<br><br>ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS AND ORDER TO SHOW CAUSE |

This matter comes before the Court on Petitioner Tomas Gonzalez-Gutierrez's habeas petition. Dkt. No. 1. The Court GRANTS the petition for the reasons below.

Gonzalez-Gutierrez is a Guatemalan native who entered the United States as an unaccompanied minor in 2016. Dkt. No. 9 ¶¶ 3–4. He was initially detained but was later released to his mother's custody in the United States through the Office of Refugee Resettlement ("ORR"), consistent with the Temporary Victims Protection Reauthorization Act ("TVPRA"). *Id.* ¶¶ 5–6. Eight years later, on October 29, 2024, Immigration and Customs Enforcement (ICE) "arrest[ed] [Gonzalez-Gutierrez] for being illegally present in the United States" in Spokane, Washington. Dkt. No. 10-1

at 4–5. According to ICE's record of the arrest, ICE agents took Gonzalez-Gutierrez into custody "pursuant to [a] targeted enforcement operation" that involved locating people they believed to be "criminal alien[s] currently living in the United States," and detaining them. *Id.* at 4. ICE transferred Gonzalez-Gutierrez to the Northwest ICE Processing Center ("NWIPC"), where he remains detained. Dkt. No. 10-1 at 5.

In May 2025, an immigration judge ("IJ") denied him bond at a hearing required by the *Franco-Gonzalez* class injunction, which protects detainees with serious mental disorders. Dkt. No. 10-2 at 2; Dkt. No. 12 at 2–3. In August 2025, an IJ ordered him removed to Guatemala, and the Board of Immigration Appeals dismissed his appeal in May 2026. Dkt. Nos. 10-3 at 2; 10-4 at 7. His petition for review is pending in the Ninth Circuit, which has stayed his removal. Dkt. No. 9 ¶ 20.

Federal courts have authority to grant writs of habeas corpus to any person held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus "entitles [a] prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to 'the erroneous application or interpretation' of relevant law." *Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (quoting *INS v. St. Cyr*, 533 U.S. 289, 302 (2001)). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and thus to warrant relief, a petitioner must demonstrate that his detention is unlawful. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004) ("In state collateral litigation, as well as federal habeas proceedings, it is the petitioner who bears the burden of proving his

case."). A district court's habeas jurisdiction extends to challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

The Government argues that Gonzalez-Gutierrez is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because he is an "applicant for admission" to the United States. Dkt. No. 8 at 2–4. The Ninth Circuit rejected the Government's interpretation of Section 1225(b)(2), holding that noncitizens apprehended within the United States, like Gonzalez-Gutierrez, aren't "seeking admission" and so aren't subject to mandatory detention under that statute. *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026). That he once sought admission at the border doesn't change the result. When he was arrested, he had lived in Washington for eight years and was, in the Government's own words, "currently living illegally in the United States." Dkt. No. 10-1 at 4. Accordingly, Gonzalez-Gutierrez has "deomonstrate[d] that he is being held pursuant to 'the [Government's] erroneous application or interpretation' of relevant law." *Boumediene*, 553 U.S. at 779 (quoting *St. Cyr*, 533 U.S. at 302). Because Section 1225(b)(2) does not authorize Gonzalez-Gutierrez's detention, and because the Government asserts no other basis for detaining him, Gonzalez-Gutierrez has met his burden of showing his detention is not authorized by law, and he must be released.

Separately, the Government did not comply with the Court's August 27, 2026, order—it failed to provide the missing documents the Court identified, failed to address the noted deficiency in ICE Deportation Officer Rita J. Soraghan's declaration, and failed to file a status report by September 17, 2026. *See* Dkt. No. 12

at 5. The Government must show cause why sanctions should not issue for its noncompliance.

Accordingly, the Court ORDERS:

1. The Petition for a Writ of Habeas Corpus is GRANTED. Dkt. No. 4.
2. Respondents must RELEASE Petitioner from custody within TWENTY-FOUR (24) HOURS of this order under his previous terms of supervision.
3. Within SEVENTY-TWO (72) HOURS of this order, Respondents must provide the Court with a status report confirming that Petitioner has been released from custody and informing the Court of the date and time of her release.
4. By OCTOBER 7, 2026, Respondents must SHOW CAUSE why the Court should not impose sanctions for their failure to comply with the Court's order dated August 27, 2026. Dkt. No. 12.

Dated this 2nd day of October, 2026.

Jamal N. Whitehead
United States District Judge